IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GORDON ALAN HENDRIKX,<br><br>          Plaintiff,<br><br>v.<br><br>STATE OF UTAH, WEST VALLEY CITY, SOUTH SALT LAKE CITY, MURRARY CITY, WEST JORDAN CITY, and SALT LAKE CITY,<br><br>          Defendant. | **ORDER**<br><br>Case No. 2:13-cv-0087-RJS<br><br>Judge Robert J. Shelby |

Plaintiff Gordon Alan Hendrikx, appearing *pro se*, brings this action against the State of Utah and several Utah municipalities. After carefully reviewing and considering the record, the court concludes oral argument on the pending motions is unnecessary.

For the reasons stated below, the court GRANTS Defendant Salt Lake City's Motion for More Definite Statement. (Dkt. 16.) In consideration of the fact that Mr. Hendrikx is proceeding *pro se*, the court grants Mr. Hendrikx thirty (30) days to file an amended complaint that satisfies the pleading requirements in accordance with the standards described in this Order. In the event Mr. Hendrikx chooses not to file an amended complaint within thirty (30) days, the court will dismiss this action with prejudice.

Consequently, Defendant Murray City's Motion to Dismiss (Dkt. 14) and Defendant State of Utah's Motion to Dismiss (Dkt. 15) are DENIED WITHOUT PREJUDICE. In addition, Mr. Hendrikx's Motion for Appointment of Counsel (Dkt. 6) and Motion for Service of Process

(Dkt. 7) are DENIED AS MOOT. The court grants Mr. Hendrikx and Defendants leave to file similar motions at a more appropriate time.

Finally, the court carefully considered Mr. Hendrikx's Motion in Support of Claims, and concludes that it is more properly considered as a response to the motions filed by Defendants and it is evaluated as such. Therefore, the court DENIES AS MOOT Mr. Hendrixk's Motion in Support of Claims. (Dkt. 18.)

## BACKGROUND

On June 5, 2013, Plaintiff Gordon Alan Hendrikx, appearing *pro se*, brought this action against the State of Utah and several Utah municipalities. It appears from his Complaint that in addition to civil rights claims under 42 U.S.C. §§ 1983 and 1985, Mr. Hendrikx also asserts claims for gross criminal neglect, malfeasance, malpractice, malicious prosecution, assault, misconduct, extortion, double jeopardy, perjury, and swindling. (Dkt. 5.) These claims generally appear to relate to Mr. Hendrikx's post-conviction confinement, contempt of court, and various physical injuries he alleges he has suffered. Mr. Hendrikx seeks $10,000,000 in damages. To advance his lawsuit, Mr. Hendrikx filed motions asking the court to appoint counsel on his behalf (Dkt. 6) and for service of process of his Complaint (Dkt. 7).

Defendant Murray City responded to the Complaint with a motion to dismiss, generally arguing that Mr. Hendrikx's Complaint: (1) fails to satisfy basic pleading requirements under Rule 8 of the Federal Rules of Civil Procedure; (2) amounts to a collateral attack on Mr. Hendrikx's earlier criminal conviction; and (3) is otherwise improper under the applicable federal civil rights statutes. (Dkt. 14.) Defendant State of Utah seeks to dismiss the Complaint

for the same reasons, and additionally on the basis that it is immune from suit under the Eleventh Amendment for the claims asserted by Mr. Hendrikx. (Dkt. 15.)

Rather than seeking dismissal of the Complaint at this early stage, Defendant Salt Lake City filed a motion under Rule 12(e) of the Federal Rules of Civil Procedure seeking an order directing Mr. Hendrikx to provide a more definite statement of his claims and the bases for those claims. (Dkt. 16.) In support of its motion, Salt Lake City argues Mr. Hendrikx's Complaint: (1) identifies no basis in law for the claims asserted; (2) improperly lumps all the Defendants together as "Utah State and Agencies" throughout the factual discussion, rather than identifying which acts are alleged to have been committed by each Defendant; and (3) is otherwise confusing and too vague to provide Defendants adequate notice of the claims asserted against each, and the bases for those claims. (Dkt. 16.) Salt Lake City urges the court to dismiss the Complaint, and grant Mr. Hendrikx leave to file an amended complaint correcting these deficiencies within 20 days.

In response to Defendants' various motions, Mr. Hendrikx filed a hand-written document styled a Motion in Support of Claims. (Dkt. 18.) This motion, however, is more properly a response to the various motions filed by the Defendants. Although the court denies this "motion" as moot, the court considered all the alleged facts and arguments set forth in that submission for this decision.

ANALYSIS

I.      **Adequacy of the Complaint**

Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought." The Supreme Court clarified that the complaint must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In addition, the pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* But a "*pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nevertheless, a "broad reading of the [*pro se*] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

Here, even construing Mr. Hendrikx's Complaint liberally, the Complaint fails to meet the most basic pleading requirements. The Complaint wholly fails to give the Defendants adequate notice of the misconduct each is alleged to have committed. More fundamentally, the Complaint is confusing and very difficult to understand. It is unclear what claims are asserted against which Defendants, and what facts are alleged to provide the bases for those claims. The Complaint includes statements that may give rise to actionable claims, but even those statements provide the court and the parties little guidance about which Defendant engaged in the conduct.

For example, Mr. Hendrikx makes reference in the Complaint to someone "forc[ing] drugs on him that almost kill [*sic*] him." (Dkt. 5, at 2.)  While such a statement suggests at least the possibility of a an actionable civil rights claim, the Complaint lacks any information about who Mr. Hendrikx alleges did this, when it occurred, where it occurred, or the like.  Mr. Hendrikx's asserted claims all suffer from this shortcoming.  Moreover, Mr. Hendrikx's Complaint, as currently written, includes no claims that are plausible on their face – nothing that would permit the court at this stage to conclude that any Defendants are liable for the misconduct Mr. Hendrikx may have in mind.  Accordingly, the court grants Defendant Salt Lake City's Motion for More Definite Statement.  (Dkt. 16.)

## II.     Amending the Complaint

The court declines the invitation of several Defendants to dismiss Mr. Hendrikx's claims with prejudice.  Rule 15(a) states that the court "should freely give leave" to amend "when justice so requires."  The liberal granting of leave to amend complaints "reflects that basic policy that pleadings should enable a claim to be heard on its merits." *Calderon v. Kan. Dep't of Social and Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999).  In addition, "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

In this case, the Defendants have not presented reasons sufficient to justify a refusal to allow Mr. Hendrikx an opportunity to amend his Complaint.   Therefore, notwithstanding the tone of the many submissions received from Mr. Hendrikx and the prior litigation in the Utah courts that apparently preceded this action, the court concludes Mr. Hendikx is entitled to an

opportunity to amend his pleading to comply with Rule 8, and the Supreme Court's guidance cited above. Accordingly, the court dismisses Mr. Hendrikx's Complaint without prejudice to file an amended complaint. Mr. Hendrikx may file an amended complaint within thirty (30) days, if he wishes to further pursue his case in this court.

### III. Other Motions Denied as Moot

Nothing about this ruling is intended to limit Defendants' ability to challenge an amended complaint, if one is filed. But, because the court grants Mr. Hendrikx leave to file an amended complaint, Defendant Murray City's Motion to Dismiss (Dkt. 14) and Defendant State of Utah's Motion to Dismiss (Dkt. 15) are denied as moot. The court grants Defendants leave to refile these motions if necessary.

Furthermore, Mr. Hendrikx's Motion for Service of Process is rendered moot by this ruling. (Dkt. 7.) Therefore, the court also denies this motion. And, for similar reasons, the Motion for Appointment of Counsel is also rendered moot by this ruling. (Dkt. 6.) The Tenth Circuit has identified "factors to be considered in deciding whether to appoint counsel, [these factors include] the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). Here, the court dismissed Mr. Hendrikx's Complaint, granting him leave to more clearly describe his claims and the factual issues raised in his claims. In the event Mr. Hendrikx elects to file an amended complaint, the court will consider a renewed motion to appoint counsel in light of the amended claims and the facts in those claims.

## CONCLUSION

For the reasons stated, the court GRANTS Defendant Salt Lake City's Motion for More Definite Statement (Dkt. 16.)  Mr. Hendrikx may file an amended complaint containing a more definite statement of his claims and the bases for those claims within thirty (30) days of the date of this Order.  Defendant Murray City's Motion to Dismiss (Dkt. 14) and Defendant State of Utah's Motion to Dismiss (Dkt. 15) are DENIED WITHOUT PREJUDICE.  In the event Mr. Hendrikx chooses not to file an amended complaint within thirty (30) days, the court will dismiss this action with prejudice.

Mr. Hendrikx's Motions for Appointment of Counsel (Dkt. 6) and for Service of Process (Dkt. 7) are also DENIED AS MOOT.  Finally, the court DENIES AS MOOT Mr. Hendrixk's Motion in Support of Claims.  (Dkt. 18.)

SO ORDERED dated this 29th day of October, 2013

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge